21LBCV00179
Electronically FILED by Superior Court of California, County of Los Angeles on 02/26/2021 03:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Michael Ballesteros, Deputy Clerk

Zachary McCready, Esq. SBN: 249885
Zachary C. Skidelsky, Esq. SBN: 318483
**MCCREADY LAW GROUP**
3701 Long Beach Blvd., Suite 324
Long Beach, California 90807
Telephone: (562) 364-7350
Facsimile: (888) 330-4174
Email: zack@longbeachattorney.com

Attorneys for Plaintiff
ANTHONY MILLER

## IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTHONY MILLER, | CASE NO.: **21LBCV00179** |
| Plaintiff, | UNLIMITED JURISDICTION |
| vs. | **COMPLAINT FOR:** |
| CITIGROUP INC.; EARLY WARNING SERVICES, LLC; WELLS FARGO, N.A.; DOES 1-50 INCLUSIVE | **1. VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200** *et seq.* **2. VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT 15 U.S.C. § 1693 3. INVASION OF PRIVACY, ARTICLE I, § I, CALIFORNIA CONSTITUTION 4. VIOLATION OF CALIFORNIA FINANCIAL INFORMATION PRIVACY ACT, CALIFORNIA FINANCIAL CODE §§ 4050** *et seq.* |
| Defendants. | **5. INTENTIONAL MISREPRESENTATION AND CONCEALMENT 6. NEGLIGENT MISREPRESENTATION 7. UNJUST ENRICHMENT 8. CONVERSION 9. VIOLATION OF THE UNIFORM COMMERCIAL CODE OF CALIFORNIA 10. DECLARATORY RELIEF** |
| | **JURY TRIAL DEMANDED** |

The Plaintiff, by and through counsel, brings his suit, and makes the following allegations on information and belief, against Defendants CITIGROUP INC. and EARLY WARNING SERVICES, LLC (hereinafter "Defendants")

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff ANTHONY MILLER (hereinafter "Plaintiff") is an individual and resident of Los Angeles, California.

2.      On information and belief, at all times relevant hereto, CITIGROUP INC. is a national bank known as "CITIGROUP INC." which operates at numerous locations through California, including several locations in Los Angeles County.  CITIGROUP INC. offers several financial products and services to its customers.  Third party companies are associated with CITIGROUP INC. through its website and one of these companies is Defendant EARLY WARNING SERVICES, LLC.

3.      On information and belief, at all times relevant hereto, WELLS FARGO, N.A. is a national bank known as "WELLS FARGO, N.A." which operates at numerous locations through California, including several locations in Los Angeles County.

4.      Plaintiff is informed and believes and, on that basis, allege that Defendant EARLY WARNING SERVICES, LLC is a limited liability company organized under the laws of the State of Delaware, is licensed to do business in the State of California, and at all times relevant hereto has been doing business in California and the County of Los Angeles.

5.      In September 2017, EARLY WARNING SERVICES, LLC released the Zelle payment system and mobile app.

6.      As will be further discussed in this Complaint, although Plaintiff never gave affirmative assent to Defendants to use Plaintiff's information to withdraw money from Plaintiff's account, Defendants not only withdrew money from Plaintiff's account, but completely drained his account through the use of both wire transfers and electronic consumer transfers.

7.     Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 50, ("Defendants") inclusive, and, for that reason, said Defendants are sued under such fictitious names.

8.     Plaintiff is informed and believes and based thereon, allege that each of said fictitious Defendants is and was responsible in some manner for the injuries complained of herein.  Plaintiff will seek leave to amend to name and serve such fictitiously named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

9.     The monetary and equitable relief sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

10.    The Court has personal jurisdiction over the parties because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State.

11.    At all times relevant hereto, Defendants employed persons and conducted business operations in California. Defendants are therefore subject to the provisions of the California Business and Professions Code Sections 17200 et seq. ("Unfair Competition Law" or "UCL"), the California Consumers Legal Remedies Act (California Civil Code § 1750 et seq.) and other relevant California law. Plaintiff also alleges violations of the Electronic Funds Transfer Act, and acts constituting unjust enrichment and conversion.

## GENERAL ALLEGATIONS

12.    Plaintiff has been a customer of Defendant CITIGROUP INC. for 23 years.

13.    When Plaintiff opened his checking account with Defendant CITBANK, he entered into a written agreement with Defendant CITIGROUP INC..

14.    Defendant CITIGROUP INC. was in possession of Plaintiff's private bank account information and contact information because of being the Plaintiff's financial institution.

15.    Defendant CITIGROUP INC. shared Plaintiff's private bank account and contact information with Defendant EARLY WARNING SERVICES, LLC.

16.     On or about May 7, 2020, Plaintiff checked his account balance with Defendant CITIGROUP INC. and Plaintiff's account balance was in excess of $22,500.

17.     On or about May 8, 2020, Plaintiff checked his account balance with Defendant CITIGROUP INC. and observed multiple electronic Zelle debit payments and multiple wire transfers.  Plaintiff did not authorize these transactions and the money was sent to individuals he does not know.

18.     With respect to the wire transfers, Plaintiff observed a CBOL WIRE Transfer in the amount of $9,000 made to Aanya Singh dated May 4, 2020.  Another CBOL WIRE transfer of $3,500 was sent to Virtual Variety Show LLC dated May 7, 2020.

19.     With respect to the Zelle debit payments, on May 4, 2020, Plaintiff observed five (5) Zelle electronic debit payments of $1,000 each were made to the following individuals: One (1) to Jasvi Ahla; two (2) to Ary Shubhavi; and two (2) to Alicia Freem.

20.     On May 7, 2020, Plaintiff observed five (5) Zelle electronic debit payments of $1,000 each, which were made to the following individuals: One (1) to Joseph Angul; two (2) to Louis Manna; and two (2) to Rodney Burns.

21.     None of the wire transfers were authorized by Plaintiff.

22.     None of the Zelle debit payments were authorized by Plaintiff.

23.     Plaintiff does not know anyone by the name of Aanya Singh, Jasvi Ahla, Ary Shubhavi, Alicia Freem, Joseph Angul, Louis Manna or Rodney Burns.

24.     The unauthorized wire transfers and Zelle debit payments nearly emptied Plaintiff's account.

25.     On or about May 8, 2020, Plaintiff's balance with Defendant CITIGROUP INC. was at $103 dollars.

26.     On or about May 8, 2020, Plaintiff phoned Defendant CITIGROUP INC. customer service at 1-888-428-4226 and spoke with a representative named Jhona.  Plaintiff informed Jhona of the unauthorized transactions on his account and that he would like a refund. Jhona recommended that Plaintiff go to Defendant CITIGROUP INC.'s branch to close Plaintiff's checking account and open a new one.

COMPLAINT

4

27.     On or about May 8, 2020, Plaintiff went to the Defendant CITIGROUP INC.'s branch, located at 4500 Atlantic Avenue in Long Beach, CA.  Plaintiff met with a banker named Daniel Rafaeloff to inform him of the unauthorized transactions.  Plaintiff explained that he found these unauthorized transactions on his account and wanted a refund.  Daniel Rafaeloff said that he could not meet with Plaintiff that day and told him to make an appointment for the next day.  Daniel Rafaeloff said that he concurred with customer service representative Jhona that Plaintiff should open a new checking account, transfer all the assets from the old account into the new one and freeze the old account to prevent any transfers in or out of the account.

28.     On or about May 8, 2020, Plaintiff transferred all the assets from the old account into a new one and froze the old account to prevent any transfers in or out of the account.  Daniel Rafaeloff of Defendant CITIGROUP INC. confirmed to Plaintiff that the old checking account had been frozen.  Plaintiff was further advised by Defendant CITIGROUP INC. through banker Daniel Rafaeloff that Defendant CITIGROUP INC. would refund his account with $10,000.  For some reason, unknown to Plaintiff, and unexplained by Defendant CITIGROUP INC.'s banker, Daniel Rafaeloff, the two wire transfers were going to take longer to research.

29.     Defendant CITIGROUP INC. deposited $10,000 in the frozen old checking account.  With Defendant CITIGROUP INC.'s banker, Daniel Rafaeloff, Plaintiff was able to move the money into a new checking account, so that the old account could be frozen without trapping the credited funds.

30.     On or about May 20, 2020, Plaintiff received electronic correspondence from Defendant CITIGROUP INC. that stated, "There are elements of your claim that lack creditability," and that Defendant CITIGROUP INC. was taking back the $10,000.  Further, when Defendant CITIGROUP INC. decided to take the $10,000 back, Defendant CITIGROUP INC. withdrew it from the empty, frozen, old account.  After doing so, Defendant CITIGROUP INC. told Plaintiff that he was overdrawn.

31.     As a result of Defendants actions, Plaintiff has lost wire transfer fees, that he otherwise would not have incurred, as a consequence of having his checking account with Defendant CITIGROUP INC. drained without his authorization nor consent.

### FIRST CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

### (Against All Defendants and Does 1-50)

32.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1 through 31 inclusive.

33.     Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent, illegal, and harmful to Plaintiff, and the public. Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 et seq. Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 et seq. Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

34.     Defendants' failure to obtain required permission from Plaintiff before sharing his private bank account information and contact information and withdrawing funds on Plaintiff's account.

35.     Defendants' affirmative use of deceptive and fraudulent practices in order to justify not crediting Plaintiff's account with the withdrawn funds.

36.     Defendants improperly disclosed Plaintiff's private personal and financial information, including but not limited to first and last name, gender, date of birth, phone number, confirmation that he has an open account with CITIGROUP INC., what language he speaks, his address, and that he is over the age of 18; all in violation of California privacy laws.

37.     Defendants failed to follow the appropriate procedures under the Electronic Funds Transfer Act (EFTA) regarding the electronic withdrawal of funds from Plaintiff's

accounts and the receipt of the appropriate form of consent from Plaintiff regarding those withdrawals.

38.     Defendants CITIGROUP INC. and EARLY WARNING SERVICES, LLC acted at all times in affiliation and joint-cooperation with one another in the practices described herein. Under *respondeat superior* and agency theory, CITIGROUP INC. is responsible for the wrongful activities conducted by EARLY WARNING SERVICES, LLC.

39.     Pursuant to Business and Professions Code Section 17200 et seq., Plaintiff is entitled to restitution of all improperly withdrawn funds and other property held by Defendants and/or injunctive relief requiring Defendant to pay all funds and other sums obtained as a result of deceptive practices and unauthorized electronic transfers.

40.     Furthermore, unless and until enjoined and restrained by order of this Court, such unfair, fraudulent, or illegal practices by Defendants will cause great and irreparable injury to Plaintiff.

41.     Plaintiff has no other adequate remedy at law to ensure compliance with California's financial laws, and, consequently, Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendants from engaging in continuing unfair business practices.

42.     Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that Plaintiff has suffered injury in fact and has lost money because of Defendants' policies, practices and procedures.

## SECOND CAUSE OF ACTION

## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT 15 U.S.C. § 1693

### (Against All Defendants and Does 1-50)

43.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 42 inclusive.

44.     The purpose of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems", but with particular focus on "individual consumer rights". 15 U.S.C. Section 1693.

45.     Plaintiff was a "consumer" as that term is defined in §1693a(5) of the EFTA, since Plaintiff is a 'natural person'. Defendants are "persons" that are liable under the EFTA, as that term is defined in 15 U.S.C. Section 1693m.

46.     A preauthorized transfer of electronic funds from a customer's account can be made only if the customer has given prior written authorization for such transfer. 15 U.S.C. Section 1693e(a). This section also allows consumers to cancel such authorization at any time through written or oral notification.

47.     The Plaintiff alleges, upon information and belief, that Defendants never obtained the required authorization, either in writing or orally, from Plaintiff to withdraw funds from Plaintiff's account.

48.     Accordingly, Defendants violated 15 U.S.C. Section 1693e(a), since Defendants never obtained authorization from Plaintiff, in writing, to electronically withdraw funds from Plaintiff's account. Under the statute, it was necessary for Plaintiff to provide Defendants with written authorization for Defendants to withdraw funds from the bank account of Plaintiff.

49.     Defendants also violated 15 U.S.C. Section 1693c(b) of the EFTA, since Defendants made unauthorized electronic transfers from Plaintiff's bank account without providing the required notice concerning the amount and timing of all of the withdrawals to Plaintiff.

50.     Defendants never provided Plaintiff with notice regarding all the withdrawals of funds from his account. Instead, Plaintiff first found out about the electronic transfers made by Defendants when confronted with transfers already made from Plaintiff's account.

51.     Defendants also violated 15 U.S.C. Section 1693f(d) of the EFTA, since Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendants at the time of its investigation.  As a result, Plaintiff is entitled to treble damages. 15 U.S.C. Section 1693F; 15 U.S.C. Section 1693m(a)(1)

52.     Following California Civil Code Section 1780, Plaintiff is entitled to restitution of all improperly withdrawn funds and/or injunctive relief requiring Defendants to pay all funds

and other sums obtained as a result of unauthorized electronic transfers. 15 U.S.C Sections 1693m(a)(2)(B) and (3) of the EFTA also allow Plaintiff to recover costs and attorney's fees resulting from violations herein described.

### THIRD CAUSE OF ACTION

### INVASION OF PRIVACY

#### (Against All Defendants and Does 1-50)

53.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 52 inclusive.

54.     Article I, Section I of the California Constitution states that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

55.     The California Constitution (Art. I, § 1) is self-executing and confers a right of action beyond the scope of the mere common law tort. See, e.g., *Burt v. Orange* (2004) 120 Cal.App.4th 273, 284.

56.     Private information includes confidential, nonpublic personal information such as social security numbers, dates of birth, property values, and bank and credit card account information. Disclosing such information without the knowledge or consent of Plaintiff is a fundamental violation of Californians' inalienable right to privacy. Plaintiff has a constitutionally protected privacy interest and right in his private information.

57.     Plaintiff alleges that Defendants had exclusive knowledge not accessible to Plaintiff of material facts pertaining to its practice of sharing private financial account information, which it did not disclose to Plaintiff at the time it was entering into contracts with Plaintiff.

58.     Defendant CITIGROUP INC. was in possession of Plaintiff's private financial and personal information because of being the Plaintiff's financial institution.  Plaintiff alleges that Defendant CITIGROUP INC. wrongfully and knowingly violated Plaintiff's inalienable

right to privacy when it disclosed this private information, including but not limited to the first and last name, gender, date of birth, phone number, confirmation that Plaintiff has an open account with CITIGROUP INC., what language they speak and their address, and that they are over the age of 18, to Defendant EARLY WARNING SERVICES, LLC and WELLS FARGO, N.A. without the knowledge or consent of Plaintiff.

59.     In so doing, Defendant CITIGROUP INC. aided and abetted third parties in obtaining and utilizing Plaintiff's private financial account information without the Plaintiff's knowledge or consent.

60.     Plaintiff alleges that Defendant EARLY WARNING SERVICES, LLC also wrongfully and knowingly received and used Plaintiff's private account information without the knowledge or consent of Plaintiff.

61.     Consequently, because Defendants CITIGROUP INC., EARLY WARNING SERVICES, LLC and WELLS FARGO, N.A. knowingly and wrongfully compromised the private financial account information of Plaintiff, Plaintiff suffered actual economic injury resulting from wrongful withdrawals being made from Plaintiff's account. Plaintiff thus allege that Defendants have violated Article I, Section I, of the California Constitution and should be held liable for the damages resulting therefrom.

62.     Plaintiff is entitled to restitution from Defendants and request an order disgorging all funds obtained by Defendants, along with interest thereon from the date these funds were withdrawn to the date of judgment. Plaintiff also request any such further relief as the Court may allow.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FINANCIAL INFORMATION PRIVACY ACT, CALIFORNIA FINANCIAL CODE §§ 4050 *et seq.*

#### (Against All Defendants and Does 1-50)

63.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1 through 62 inclusive.

64.   In enacting Cal. Fin. Code §§ 4050 et seq., the California Legislature stated that it "intends for financial institutions to provide their consumers notice and meaningful choice about how consumers' nonpublic personal information is shared or sold by their financial institutions." Id. § 4051(a). The Legislature also stated that its intent was "[t]o further achieve ... control for California consumers by providing consumers with the ability to prevent the sharing of financial information among affiliated companies through a simple opt-out mechanism via a clear and understandable notice provided to the consumer."

65.   According to the California Financial Information Privacy Act, "[a]n entity that receives nonpublic personal information from a financial institution under this division shall not disclose this information to any other entity, unless the disclosure would be lawful if made directly to the other entity by the financial institution." Cal. Fin. Code, § 4053.5. An entity that negligently discloses or shares nonpublic personal information shall be held liable for harm resulting therefrom. Id at § 4057.

66.   Defendant CITIGROUP INC. is a financial institution under the terms of statute § 4052(c).

67.   Bank account numbers are "nonpublic personal information." Id. at § 4052(a).

68.   Defendant EARLY WARNING SERVICES, LLC is an entity.

69.   By CITIGROUP INC. handing over Plaintiff's private personal and financial information, including but not limited to first and last name, gender, date of birth, phone number, confirmation that he has an open account with CITIGROUP INC., what language he speaks, their address, that they are over the age of 18, to Defendant EARLY WARNING SERVICES, LLC, Defendant CITIGROUP INC. recklessly failed to "protect against [the] unauthorized access" of Plaintiff's personal financial records.

70.   But for CITIGROUP INC. providing such information to EARLY WARNING SERVICES, LLC, it would be nearly impossible for it to run a viable business by making cold calls to the random 300 million plus Americans. Federal and State law along with its own policies was not a sufficient deterrent to stop Defendant CITIGROUP INC. and its employees

1  from handing over these sensitive records to EARLY WARNING SERVICES, LLC, which was

2  seeking to wrongfully use this information to the financial detriment of Plaintiff.

3    71. Section 4053 (a)(1) of the statute requires a financial institution to obtain a

4  consent acknowledgment authorizing the financial institution to disclose or share nonpublic

5  personal information. Section 4053 (a)(2) further clarifies that the consent must be given via a

6  form, statement, or writing that meets all of the following criteria: the form must not be attached

7  to any other document; it must be dated and signed by the consumer; and it must clearly and

8  conspicuously disclose that "by signing, the consumer is consenting to the disclosure to

9  nonaffiliated third parties of nonpublic personal information pertaining to the consumer."

10    72. Plaintiff never received any such form, statement, or writing from Defendant

11  CITIGROUP INC. regarding the disclosure of Plaintiff private financial information to third

12  parties such as Defendant EARLY WARNING SERVICES, LLC.

13    73. Despite the failure to follow the express guidelines of this statute, Defendant

14  CITIGROUP INC. nevertheless released private financial information to third parties, namely

15  EARLY WARNING SERVICES, LLC, which has resulted in unauthorized withdrawals from

16  Plaintiff's account.

17    74. The statute states that "[t]he civil penalties provided for in this section shall be

18  exclusively assessed and recovered in a civil action brought in the name of the people of the

19  State of California." Cal. Fin. Code, § 4057(c). However, it does not preclude an individual

20  from seeking relief against a financial institution that so egregiously violated this statute.

21    75. Under the terms of this statue, Plaintiff is a person that should have a right to

22  hold Defendants CITIGROUP INC. and EARLY WARNING SERVICES, LLC accountable for

23  their wrongful conduct.

24    76. Plaintiff thus asserts that the Defendant CITIGROUP INC.'s disclosure of

25  nonpublic personal information and personally identifiable financial information constituted

26  violations of the California Financial Information Privacy Act.

27

28

77.     Consequently, Plaintiff may recover damages under California Financial Code Section 4057(a) according to proof and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

### FIFTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION AND CONCEALMENT

### (Against All Defendants and Does 1-50)

78.     Plaintiff re-allege and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 77 inclusive.

79.     Defendants made the following false and misleading representations to Plaintiff and Plaintiff endured monetary loss because of statements regarding Defendants' practices and services:

a. Defendants' claim that they would not disclose Plaintiff's private financial account and contact information without express and explicit permission from Plaintiff;

b. Defendants' failure to properly obtain Plaintiff's permission before transferring Plaintiff's private account and contact information and utilizing this information for the benefit of Defendants and at a cost to the Plaintiff;

c. Defendants' failure to properly explain and describe the character and extent of the products offered to Plaintiff, and the failure to give true, accurate and complete information regarding the cost of such products to Plaintiff and other customers; and

e. Defendants' affirmative use of deceptive and fraudulent practices in order to falsely transact services which have not been requested.

80.     On information and belief, Defendants knew that the above-mentioned representations were false when made, or Defendants made the representations recklessly and without regard for their truth.

81.     On information and belief, Defendants intended Plaintiff to rely on the representations. Plaintiff in fact reasonably relied on the representations since no reasonable person would agree to the disclosure of their private financial account and contact information without their consent and express permission.  Defendants' representations were a substantial

factor in causing harm to Plaintiff. The amount of such harm may be fixed, and consequently Plaintiff is entitled to prejudgment interest thereon.

82.     Defendants intentionally failed to disclose and actively concealed the following material facts:

a. That the Defendants would disclose Plaintiff's private financial account and contact information to third parties without Plaintiff's express permission;

b. That the Defendants would use this improperly gained information to withdraw funds from Plaintiff's accounts without their express permission;

c. The Plaintiff would have no reasonable way of discovering the charges withdrawn from these accounts until they appeared on Plaintiff's account receipts; and

d. That the charges would be disguised as to their nature and source through an intentionally misleading and deceptive labeling process.

83.     Plaintiff had no reasonable basis for discovering the abovementioned undisclosed and concealed material facts.

84.     On information and belief, Defendants intended to deceive Plaintiff by intentionally failing to disclose or actively concealing the fact that Plaintiff's private financial information would be disclosed and utilized without the express permission or knowledge of Plaintiff.  Plaintiff reasonably relied on Defendants, and Defendants' intentional failure to disclose or active concealment was a substantial factor in causing harm to Plaintiff. The amount of such harm may be fixed, and consequently Plaintiff is entitled to pre-judgment interest thereon.

85.     Plaintiff's cause of action for intentional misrepresentation and active concealment did not accrue, or was tolled, until sometime in or about the Summer of 2020, since Plaintiff reasonably did not discover, and Defendants concealed, until such time the fact that Plaintiff's private financial information would be disclosed and utilized without the express permission or knowledge of Plaintiff. Plaintiff did not have actual or constructive notice of such information until Plaintiffs discovered it sometime in or about the Summer of 2020.

86.     Defendants acted with the intent to cause injury to Plaintiff and their conduct is despicable and was done with a willful and knowing disregard of the rights of Plaintiff.

COMPLAINT

14

Furthermore, Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of the rights of Plaintiff. Lastly, Defendants' conduct was fraudulent. Consequently, Defendants are liable for punitive damages to Plaintiff by way of example and punishment.

## SIXTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (Against All Defendants and Does 1-50)

87.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 86 inclusive.

88.     From January 2020 to the initiation of this action, Plaintiff received the identical false and misleading representations made by Defendants as follows:

a. Defendants' claim that they would not disclose Plaintiff's private financial account and contact information without express and explicit permission from Plaintiff;

b. Defendants' failure to obtain Plaintiff's permission before transferring Plaintiff's private account and contact information and utilizing this information for the benefit of Defendants and at a cost to the Plaintiff;

c. Defendants' failure to obtain required permission from Plaintiffs before withdrawing Plaintiff's funds from his account;

d. Defendants' failure to properly explain and describe the character and extent of the services offered to Plaintiff, and the failure to give true, accurate and complete information; and

e. Defendants' affirmative use of deceptive and fraudulent practices to falsely withdraw funds from Plaintiff's account for services that have not been requested.

89.     On information and belief, Defendants had no reasonable grounds for believing the representations were true when they made the representations. On information and belief, Defendants intended Plaintiff to rely on the representations, and Plaintiff in fact reasonably relied on the representations.  Defendants' representations were a substantial factor in causing

harm to Plaintiff and the Class. The amount of such harm may be fixed, and consequently Plaintiff is entitled to pre-judgment interest thereon.

90.     Plaintiff's cause of action for negligent misrepresentation did not accrue, or was tolled, until sometime in or about the summer of 2020, since Plaintiff reasonably did not discover and Defendants concealed until such time the fact that Plaintiff's' private financial information would be disclosed and utilized without the express permission or knowledge of Plaintiff. Plaintiff did not have actual or constructive notice of such information until Plaintiff discovered it sometime in or about the summer of 2020.

<u>SEVENTH CAUSE OF ACTION</u>

FOR UNJUST ENRICHMENT

(Against all Defendants and Does 1-50)

91.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 90 inclusive.

92.     Through their deceptive actions, Defendants have unjustly received and continue to receive advantages by imposing a cost upon Plaintiff, and it is inequitable for Defendants to retain such advantages. By means of the unlawful, unfair, and deceptive actions described herein, Defendants were unjustly enriched at the expense of Plaintiff, who had funds withdrawn from his account to pay for unordered, unwanted and misrepresented insurance offered by Defendants.

93.     Defendants not only received such unjust benefits at the expense of Plaintiff, but they were also fully aware of the fact that the benefits they were receiving resulted from their unlawful, unfair, and deceptive conduct. Defendants thus enjoyed the benefit of their unlawful financial gain, knowing of its unlawful character and its detrimental effect on Plaintiff.

94.     Plaintiff is informed and believe and based thereon allege that Defendants unjustly enriched themselves at Plaintiff's expense; thus, Plaintiff is entitled to restitution from Defendants and request an order disgorging all funds obtained by Defendants, along with interest thereon from the date these funds were withdrawn to the date of judgment; and any such further relief as the Court may allow.

## EIGHTH CAUSE OF ACTION

## FOR CONVERSION

### (Against all Defendants and Does 1-50)

95.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 94 inclusive.

96.     As set forth in this Complaint, Defendants converted identifiable funds belonging to Plaintiff through unlawful and deceptive acts and procedures without the knowledge of Plaintiff and without obtaining Plaintiff's consent or approval, Defendants knowingly and willfully transmitted, received, and converted identifiable funds of Plaintiff's money to its own use.

97.     Because of this, Plaintiff is owed funds and other compensation, penalties, indemnification, interest and restitution by Defendants. Plaintiff is informed and believes and based thereon, allege that Defendants possess records from which the amount of wages and other compensation, penalties, interest, indemnification and restitution due may be readily determined.

98.     Plaintiff was dispossessed of his own funds as a direct and proximate result of Defendants' wrongful acts of conversion. Therefore, Plaintiff is entitled to and seek restoration of these funds, combined with interest from the date these funds were converted by Defendants to the date of judgment, as well as compensatory damages, punitive damages, and any such other relief as the Court may allow.

## NINTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA UNIFORM COMMERIAL CODE (UCC)

### (Against All Defendants and Does 1-50)

99.     Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 98 inclusive.

100.    Division 11 of the California Uniform Commercial Code applies to funds transfers, which is defined in Cal. U. Com. Code, § 11104. Cal. U. Com. Code, § 11102. Cal. U. Com. Code, § 11104, subd. (a), defines a "funds transfer" as the series of transactions,

beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order. *Zengen, Inc. v. Comerica Bank* (2007) 41 Cal.4th 239, 240.

101.   Section 11201 et seq. sets forth the respective rights, duties and liabilities of the parties upon the issuance and acceptance of a payment order under division 11.

102.   A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency. Cal U Com Code § 11202.

103.   Further, the UCC provides specific rules and remedies for the failure to follow a security procedure. *Zengen, Inc.* at 255

104.   Under Section 11202, subdivision (b), if a bank accepts an unauthorized payment order in good faith, it is not liable if a commercially reasonable security procedure was in place, and the bank followed it and any other applicable written agreement or instruction of the customer. (Id.; See 3 White & Summers, Uniform Commercial Code (4th ed. 1995) § 24-5, p. 79.)

105.   Upon information and belief, Plaintiff alleges that Defendant CITIGROUP INC. did not have a security procedure in place, or if it did, it did not follow that security procedure because it did not obtain any authorization from Plaintiff regarding the wire transfers.

106.   If a receiving bank has received payment from its customer with respect to a payment order issued in the name of the customer as sender and accepted by the bank, and the customer received notification reasonably identifying the order, the customer is precluded from asserting that the bank is not entitled to retain the payment unless the customer notifies the bank of the customer's objection to the payment within one year after the notification was received by the customer. Cal U Com Code § 11505.

107.   On May 8, 2020, Plaintiff informed Defendant CITIGROUP INC. of his objection to the unauthorized wire transfers by telephone and in person at a local branch in Long Beach, CA.

108.   If a receiving bank accepts a payment order issued in the name of its customer as sender which is (i) not authorized and not effective as the order of the customer

under Section 11202, or (ii) not enforceable, in whole or in part, against the customer under Section 11203, the bank **shall refund** any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund. However, the customer is not entitled to interest from the bank on the amount to be refunded if the customer fails to exercise ordinary care to determine that the order was not authorized by the customer and to notify the bank of the relevant facts within a reasonable time not exceeding 90 days after the date the customer received notification from the bank that the order was accepted or that the customer's account was debited with respect to the order. The bank is not entitled to any recovery from the customer on account of a failure by the customer to give notification as stated in this section. Cal U Com Code § 11204

109.    On May 8, 2020, Plaintiff informed Defendant CITIGROUP INC. that he would like a refund for the unauthorized wire transfers.  This is within 90 days after the date that Plaintiff received notification from Defendant CITIGROUP INC. that Plaintiff's account was debited with respect to the wire transfers.

## TENTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (Against All Defendants and Does 1-50)

110.    Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1 through 109 inclusive.

111.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of Plaintiff on the one hand, and the Defendants, on the other hand, for which Plaintiffs desire a declaration of rights.

112.    Plaintiff desire a judicial determination of the rights of Plaintiff with respect to the breach of privacy alleged above.  Specifically, Plaintiff seeks a judicial determination that Defendants violated Plaintiff's inalienable right to privacy under the California Constitution, and violated privacy protections included in the California Financial Information Privacy Act. A

judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff may ascertain his rights with respect to the release of private information.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment on behalf of themselves and the rest of the Class, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For restitution of all funds withdrawn from the account of Plaintiff together with the disgorgement of profits received as a result of Defendants' unfair, unlawful or fraudulent business practices;

2. For an order enjoining Defendants from further unfair, unlawful or fraudulent business practices in violation of Business and Professions Code Section 17200; and

3. For reasonable attorney's fees and costs.

### ON THE SECOND CAUSE OF ACTION

1. For actual damages sustained as a result of Defendants' violations of the Electronic Funds Transfer Act;

2. For prejudgment interest;

3. For treble damages under 15 U.S.C. Section 1693F; 15 U.S.C. Section 1693m(a)(1); and

4. For reasonable costs and attorney's fees under Sections 1693m(a)(2)(B) and (3) of the EFTA.

### ON THE THIRD CAUSE OF ACTION

1. For compensatory damages according to proof at trial;

2. For punitive damages;

3. For prejudgment interest; and

4.      For reasonable attorney's fees and costs.

## ON THE FOURTH CAUSE OF ACTION

1.      For statutory relief according to proof at trial;

2.      For prejudgment interest; and

3.      For reasonable attorney's fees and costs.

## ON THE FIFTH CAUSE OF ACTION

1.      For compensatory damages sustained as a result of Defendants intentional concealment and misrepresentation;

2.      For punitive damages;

3.      For prejudgment interest; and

4.      For reasonable attorney's fees and costs.

## ON THE SIXTH CAUSE OF ACTION

1.      For compensatory damages sustained as a result of Defendants negligent misrepresentation;

2.      For prejudgment interest; and

3.      For reasonable attorney's fees and costs.

## ON THE SEVENTH CAUSE OF ACTION

1.      For restitution of funds that unjustly enriched Defendants at Plaintiff's expense;

2.      For prejudgment interest; and

3.      For reasonable attorney's fees and costs.

## ON THE EIGHTH CAUSE OF ACTION

1.      For compensatory damages and restitution according to proof at trial;

2.   For other damages and/or penalties as may be allowed in accordance with law or

3.   For punitive damages; and

4.   For reasonable attorneys' fees and costs.

### ON THE NINTH CAUSE OF ACTION

1.   For restitution of all funds withdrawn from the account of Plaintiff;

2.   For prejudgment interest;

3.   For consequential damages;

4.   For punitive damages; and

5.   For reasonable attorneys' fees and costs.

### ON THE TENTH CAUSE OF ACTION

1.   For declaratory relief as specifically plead in the tenth cause of action; and

2.   Any other relief as the Court may deem appropriate.

### ON ALL CAUSES OF ACTION

1.   For restitution, attorney's fees and costs;

2.   For prejudgment interest; and for such further relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims so triable.

DATE: April 2, 2021

Zachary C. Skidelsky
Attorney for Plaintiff ANTHONY MILLER

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/05/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Ballesteros _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21LBCV00179 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Vicencia | S26 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/08/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Ballesteros _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## · INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**