1   Tricia L. Legittino (SBN 254311)
    tlegittino@fkks.com
2   FRANKFURT KURNIT KLEIN + SELZ PC
    2029 Century Park East, Suite 2500N
3   Los Angeles, California 90067
    Telephone:   (310) 579-9600
4   Facsimile:   (310) 579-9650

5   Attorneys for CITIBANK, N.A
    improperly sued herein as Citigroup Inc.

6

7

8                    **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  ANTHONY MILLER,                    Case No. 2:21-cv-4237-FLA-MRW

12          Plaintiff,                 **DEFENDANT CITIBANK, N.A.'S
                                       NOTICE OF MOTION AND
13      vs.                            MOTION FOR AN ORDER
                                       COMPELLING ARBITRATION
14  CITIGROUP INC.; EARLY              AND STAYING ACTION;
    WARNING SERVICES, LLC; WELLS       MEMORANDUM OF POINTS AND
15  FARGO, N.A.; DOES 1-50             AUTHORITIES**
    INCLUSIVE,
16                                     [*Declarations of July Elly and Tricia L.
            Defendants.                Legittino filed concurrently herein*]
17

18                                     Date: July 16, 2021
                                       Time: 1:30 p.m.
19                                     Crtm: 6B

20

21

22

23

24

25

26

27

28

                                      1

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6B by the Honorable Fernando L. Aenlle-Rocha of the United States District Court for the Central District of California, located at 350 West 1st Street, 6th Floor, Los Angeles, CA 90012, defendant Citibank, N.A. (hereinafter "Citibank" or "Bank"), improperly sued here as Citigroup, Inc., will and hereby does move this Court for an Order requiring that this matter proceed by arbitration before JAMS with respect to all claims plaintiff Anthony Miller ("Plaintiff" or "Miller") has asserted against Citibank in the within action, pursuant to their agreements to arbitrate. Citibank further requests that this Court retain jurisdiction to enter judgment based on the award of the arbitrator, and that the within action otherwise be stayed pending the conclusion of the arbitration.

This Motion is based upon this notice, the attached memorandum of points and authorities, the declarations of July Elly and Tricia L. Legittino filed concurrently herein and all exhibits attached thereto, the Complaint, and upon all other pleadings, evidence and argument as may be presented at or before the time of the hearing on the motion.

Counsel for Citibank met and conferred with counsel for Plaintiff on May 27, 2021, before filing this motion, in accordance with Local Rule 7-3.

DATED: June 6, 2021                 FRANKFURT KURNIT KLEIN + SELZ PC


By:  _/s/ Tricia L. Legittino_
     Tricia L. Legittino
     Attorney for CITIBANK, N.A. improperly
     sued herein as Citigroup Inc.

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2590N
Los Angeles, California 90067
P (310) 579-9600

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 2

      A.    Summary of Allegations of the Complaint. ................................. 2

      B.    The Arbitration Agreements. ....................................................... 4

III.  ARGUMENT .......................................................................................... 12

      A.    The Court Should Compel Arbitration of Plaintiff's Claims
            Pursuant to the Federal Arbitration Act. .................................... 12

      B.    The 2019 Agreement Binds Plaintiff to Arbitration With All Parties to
            This Dispute, Including Early Warning Systems...........................15

      C.    The Court Should Stay This Action Pending the Arbitration............. 15

IV.   CONCLUSION ....................................................................................... 16

FKKS:2971830v.2 28253.800                                      i

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armendariz v. Found. of Health Psychcare Servs.*,
24 Cal. 4th 83 (2000) .......................................................................................... 12

*Cronus Invs., Inc. v. Concierge Servs.*,
35 Cal. 4th 376 (2005) ........................................................................................ 14

*Lomeli v. Midland Funding, LLC*,
No. 19-CV-01141-LHK, 2019 WL 4695279 (N.D. Cal. Sept. 26,
2019) .................................................................................................................... 15

*Rodriguez v. Am. Techs., Inc.*,
136 Cal. App. 4th 1110 (2006) ........................................................................... 14

*Sherman v. CLP Res., Inc.*,
No. CV 12-8080-GW(PLAx), 2015 WL 13542760 (C.D. Cal. June
22, 2015) (Wu, J.) ................................................................................................ 12

*Southland Corp. v. Keating*,
465 U.S. 1 (1984) ................................................................................................ 12

*SST Millennium LLC v. Mission St. Dev.*,
No. 18-cv-06681-YGR, 2019 WL 2342277 (N.D. Cal. June 3, 2019) ............. 14

*Williams v. Eaze Solutions, Inc.*,
__ F. Supp. 3d __, 2019 WL 5312956 (N.D. Cal. Oct. 21, 2019) ..................... 14

**Statutes**

9 U.S.C. §§ 1-6 .................................................................................................... 12

9 U.S.C. § 2 .......................................................................................................... 12

9 U.S.C. § 3 .......................................................................................................... 15

9 U.S.C. §§ 3-4, 6 .................................................................................................. 1

9 U.S.C. § 4 .......................................................................................................... 13

Business and Professions Code §§ 17200 *et seq.* ................................................ 3

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P. (310) 579-9600

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Cal. Civ. Proc. Code § 1281.4 ................................................................... 16

California Financial Information Privacy Act, California Financial
    Code §§ 4050 *et seq.*.......................................................................... 3

California Uniform Commercial Code ....................................................... 4

Electronic Funds Transfer Act 15 U.S.C. § 1693 ..................................... 3

FAA..................................................................................... 12, 13, 14, 15

Federal Arbitration Act ............................................................................ 12

**Other Authorities**

Local Rule 7-3 ............................................................................................ 1

United States Constitution ........................................................................ 12

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz pc

2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Citibank, improperly sued here as Citigroup, Inc., respectfully moves the Court, pursuant to 9 U.S.C. §§ 3-4, 6, for an order compelling arbitration of the claims in the Complaint Plaintiff filed against it as required by the arbitration provisions contained in the November 1, 2010 and June 18, 2019 Client Manual Consumer Accounts between it and Plaintiff (collectively the "Agreements"), and staying this action pending completion of the arbitration.[1]   Counsel for Citibank met and conferred with counsel for Plaintiff on May 27, 2021, before filing this motion, in accordance with Local Rule 7-3; however they were unable to reach an agreement to proceed by arbitration thereby necessitating the filing of this motion.   (Legittino Decl., ¶ 2).

All of the Plaintiff's claims against Citibank in the Complaint derive from two checking accounts he maintained at Citibank: an account ending in numbers 9345, opened in November 2010 (the "2010 Account"), and an account ending in numbers 9416 (the "2020 Account"), opened on May 8, 2020.   When Plaintiff opened the 2020 Account, he was provided with the then-current Agreement, which had an effective date of June 18, 2019 (the "2019 Agreement") which explicitly stated that it covered not only the newly opened account, but any claim between

---

[1] Plaintiff has improperly sued Citigroup Inc. in this action.   However, as can be seen from the Agreements, the signature cards and other documents concerning the checking accounts at issue in the Complaint, Citibank, N.A. is the proper entity that maintained these accounts and not Citigroup Inc.   When Citibank's counsel met and conferred with Plaintiff's counsel about this he said that Plaintiff will "probably amend" his Complaint to reflect the correct corporate entity.   In the event that Plaintiff does not amend the Complaint to name the correct entity, Citibank reserves the right to file whatever is necessary to ensure that the correct entity is a named defendant in this case.   (Declaration of Tricia L. Legittino ("Legittino Decl.") filed concurrently herein, ¶ 3).

FKKS:2971830v.2 28253.800

1

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff and Defending arising out of a previous related account.  The 2019 Agreement contains an arbitration provision that requires the claims in the Complaint against Citibank to proceed by binding arbitration. Also, on the day he opened the 2020 Account, Plaintiff signed a Checking Account Signature Card in which he specifically agreed to be bound by all terms of the Agreement and that any dispute between him and Citibank would be "resolved by binding arbitration" (the "2020 Signature Card").

Additionally, when the Plaintiff opened the 2010 Account he was provided with the then-current Client Manual Consumer Account document (the "2010 Agreement").  Just like the Agreement Plaintiff agreed to be bound by in May 2020, the 2010 Agreement contains an arbitration provision that requires the claims against Citibank in the Complaint to proceed by binding arbitration.  Also, on the day he opened the 2010 Account, Plaintiff signed a Checking Account Signature Card (the "2010 Signature Card") in which he specifically agreed to be bound by all terms of the 2010 Agreement.  Plaintiff therefore bound himself to Citibank's arbitration provision for the 2010 Account both in 2020 and at the time of opening the 2010 Account.

Accordingly, Citibank respectfully brings this motion to compel Plaintiff to arbitrate his claims against all parties and to stay this lawsuit pending completion of the arbitration.

II.   **STATEMENT OF FACTS**

A.   **Summary of Allegations of the Complaint.**

Plaintiff alleges, in part, that he has been a customer of Citibank for 23 years. (Compl. ¶ 12.)  He acknowledges that when he opened his checking account with Citibank, "he entered into a written agreement with" Citibank. (*Id.* ¶ 13.)  According to Plaintiff, on or about May 8, 2020, Plaintiff observed multiple electronic Zelle debit payments and multiple wire transfers, bringing his account balance from in

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

excess of $22,500 to $103 between May 7 and May 8, 2020.  (*Id*. ¶¶ 16-25.)
Plaintiff claims he did not authorize these payments.  (*Id.* ¶¶ 21-22.)  Plaintiff claims
that on May 8, 2020, he called the Citibank customer service line in order to report
these charges as unauthorized.  (*Id.* ¶ 26.)  Plaintiff claims that he spoke with a
representative named Jhona, who instructed him to visit a Citibank branch in order
to close the account in question and open a new account.  (*Id.*)

Plaintiff claims that on May 8, 2020, he visited Citibank's branch, located at
4500 Atlantic Ave., Long Beach, CA 90807.  (*Id.* ¶ 27.)  The complaint alleges that
on that date, a banker named Daniel Rafaeloff opened a new checking account at
that branch, froze the previous account, and that Plaintiff then transferred all
remaining assets from the 2010 account into the 2020 account.  (*Id*. ¶ 28.)  The
complaint further alleges that Citibank then deposited $10,000 into the 2020
account, and that Mr. Rafaeloff informed Plaintiff that the bank would require
additional time to research reimbursement for the remaining balance that had been
removed from Plaintiff's account.  (*Id.*)

The complaint alleges that on or about May 20, 2020, Plaintiff received
electronic correspondence from Citigroup stating, "There are elements of your claim
that lack creditability," and therefore removing the previously-credited $10,000
from the 2020 account.  (*Id.* ¶ 30.)  Plaintiff alleges he was then informed that his
account was overdrawn.  (*Id.*)

Based on these allegations, Plaintiff alleges claims against Citibank for
Violation of Business and Professions Code §§ 17200 *et seq.* (*id*. ¶¶ 32-42);
Violation of Electronic Funds Transfer Act 15 U.S.C. § 1693 (*id*. ¶¶ 43-52);
Invasion of Privacy (*id.* ¶¶ 53-62); Violation of California Financial Information
Privacy Act, California Financial Code §§ 4050 *et seq.* (*id.* ¶¶ 63-77); Intentional
Misrepresentation and Concealment (*id.* ¶¶ 78-86); Negligent Misrepresentation (*id.*
¶¶ 87-90); Unjust Enrichment ((*id.* ¶¶ 91-94); Conversion ((*id.* ¶¶ 95-98); Violations

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

FKKS:2971830v.2 28253.800

3

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

of California Uniform Commercial Code ((*id.* ¶¶ 99-109); and seeking declaratory relief ((*id.* ¶¶ 110-112).

### B.   The Arbitration Agreements.

It is undisputed between the parties that Plaintiff had two checking accounts with Citibank: the 2010 Account and the 2020 Account. The 2010 Account, opened in November 2010, is the subject of Plaintiff's claims regarding fraudulent wire transfers. The 2020 Account was opened on May 8, 2020, and is the subject of Plaintiff's claims in the Complaint concerning the purported unjust removal of funds from his account by Citibank.

### 1. The 2020 Account and Agreement.

According to the Declaration of July Elly, Manager of the Citibank branch of in Long Beach where Plaintiff opened the 2020 Account (the "Elly Decl."). As set forth in the Elly Decl., it was Citibank's custom and practice in May 2020 that every time a customer opened a checking account, they were (1) provided with a copy of the then-current Agreement, and (2) required to sign the Signature Card, and Plaintiff was no different.  (Elly Decl. ¶¶ 6, 7-9.)

By signing the Signature Card, Plaintiff agreed to be bound by the terms of the Agreement, in the following language in bold, which appears directly above his signature:

> By signing below, I: (1) confirm that I have received and agree to be bound by all Citibank, N.A. terms and conditions applicable to my account(s), including the Client Manual Consumer Accounts, its Marketplace Addendum and/or any applicable loan note(s) or agreement(s), and (2) understand and acknowledge that, if applicable, such note(s)/agreement(s) provide that any dispute between us will be resolved by binding arbitration.

(Elly Decl. ¶ 8.)  The signed 2020 Signature Card is attached as Exhibit 2 to

FKKS:2971830v.2 28253.800

4

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

the Elly Decl.

The Agreement that was in effect in May 2020 when the Plaintiff opened his account is attached as Exhibit 1 to the Elly Decl.  The Agreement first alerts customers to the arbitration provision on page 1, where it states in enlarged typeface:

> This manual contains some important information you should know about your deposit relationship with Citibank. It is an agreement between you and us. . . .This manual also contains an arbitration provision that covers all disputes between us. Please review this Client Manual thoroughly – and keep it for future reference.  (Elly Decl. ¶ 9, Ex. 1 at 1.)

The full arbitration provision is laid out on pages 58-61 of the 2019 Agreement and provides, in part:

> **Arbitration**
> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** [Emphasis in original.] THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW. [Emphasis in original.]  (Elly Decl. ¶ 9, Ex. 1 at 58.)

**

Frankfurt Kurmit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**Covered Disputes. You or we may arbitrate** any claims, dispute or controversy between you and us arising out of or related to your account(s), a previous related account or our relationship (called "Disputes"). **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Dispute in court or have a jury trial on that Dispute.** [Emphasis in original.]

Except as stated below, all Disputes are subject to arbitration no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek, including claims based on contract, tort (including intentional tort), fraud, agency, you or our negligence, statutory or regulatory provisions, or any other sources of law; claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise; claims made regarding past, present or future conduct; and claims made independently or with other claims. Disputes include any unresolved claims concerning any services relating to such account, including without limitation, safe deposit box services, wire transfer services, and use of a Citibank Banking Card or Citibank Banking Card displaying the MasterCard Brand Mark. This also includes claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a joint account owner, account beneficiary, employee, agent, representative, predecessor or successor, heir, assignee, trustee in bankruptcy, or an affiliated/parent/subsidiary company. A party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether Disputes are subject to arbitration shall be resolved by interpreting this arbitration in the broadest way the law will allow it to be enforced.  (*Id.*)

\*\*

FKKS:2971830v.2 28253.800

6

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurmit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

> **How Arbitration Works** [Emphasis in original.]
> Arbitration shall be conducted by the American Arbitration Association ("AAA") according to this arbitration provision and the applicable AAA arbitration rules in effect when the Dispute is filed ("AAA Rules"), except where those rules conflict with this arbitration provision. . . .Any in-person hearing will be held in the same city as the U.S. District Court closest to your home.
> Administration may be requested at any time, even when there is a pending lawsuit, unless a trial has begun or a final judgment entered. Neither you nor we waive the right to arbitrate by filing or serving a complaint, answer, counterclaim, motion or discovery in a court lawsuit. . . .
> (*Id.* at 59.)

**

> **Paying for Arbitration Fees** [Emphasis in original.]
> We'll pay your share of the arbitration fee for an arbitration of Disputes of $74,000 or less if they are unrelated to debt collection. Otherwise, arbitration fees will be allocated according to the applicable AAA Rules. If we prevail, we may not recover our arbitration fees, unless the arbitrator decides your Dispute was frivolous. All parties are responsible for their own attorney's fees, expert fees and any other expenses, unless the arbitrator awards such fees or expenses to you or us based on applicable law.  (*Id.* at 60.)

**

> **Rules for Rejecting this Arbitration Provision** [Emphasis in original.]
> You may reject this arbitration provision by sending a written rejection note to us at: 100 Citibank Drive, Attn: Arbitration Opt Out, San Antonio, TX 78245. Your rejection notice must state that you reject the arbitration provision and include your name, address, account

FKKS:2971830v.2 28253.800

7

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

> number and personal signature. Your rejection notice will not apply to the arbitration provision(s) governing any other account(s) that you have or had with us. Rejection of this arbitration provision won't affect your other rights or responsibilities under this Agreement, including use of this account.  (*Id.* at 61.)

Ms. Elly checked Citibank's records and found no evidence that Plaintiff ever followed these, or any, steps to reject the arbitration provision.  (Elly Decl. ¶ 10.)

### 2. The 2010 Account and Agreement.

Plaintiff opened the 2010 Account in November 2010.  (Elly Decl. ¶ 3.) According to Ms. Elly, at the time Plaintiff opened the 2010 Account, he was provided both an Agreement and a Signature Card.  (Elly Decl. ¶¶ 6, 11-12.) Specifically, Ms. Elly testifies in her declaration that it was Citibank's custom and practice in November 2010 that every time a customer opened a checking account, they were (1) provided with a copy of the then-current Agreement, and (2) required to sign the Signature Card, and Plaintiff was no different.  (*Id.*, ¶¶ 6, 11-12.)

While Ms. Elly made a diligent search of Citibank's records, she was unable to locate a copy of the 2010 Signature Card signed by Plaintiff.  (*Id.*, ¶ 12.) However, page 49 of the 2010 Agreement, attached to the Elly Decl. as Exhibit 3, contains a sample card, which states that:

> By signing below, I: (1) certify my tax status; (2) agree to be bound by any agreement governing any account opened in the title indicated on this card. (Elly Decl. ¶ 13, Ex. 3 at 49.)

As detailed in the Elly Decl., based on Ms. Elly's personal knowledge, this is the same card that Plaintiff would have signed when he opened the 2010 Account, and the account could not have been opened without Plaintiff signing such a Signature Card.  (Elly Decl. ¶ 13.)  By signing the 2010 Signature Card, Plaintiff agreed to be bound by the terms of "any agreements" governing the 2010 Account.

Frankfurt Kurmit Klein + Selz ᴘᴄ
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

(Elly Decl. ¶ 13, Ex. 3 at 49.)

The 2010 Agreement that was in effect in November 2010 when the Plaintiff opened his account is attached as Exhibit 3 to the Elly Decl.  The Agreement first alerts customers to the arbitration provision on page 8, where it states:

> This Agreement contains an arbitration provision that authorizes either party to elect mandatory and binding arbitration of certain disputes. The terms of the arbitration provision are set forth in the section entitled "Resolution of Disputes by Arbitration." *PLEASE READ THIS ARBITRATION PROVISION CAREFULLY.* [Emphasis in original.]  (Elly Decl. ¶ 14, Ex. 3 at 8.)

The full arbitration provision is laid out on pages 45-48 of Exhibit 3 and provides, in part:

> Resolution of Disputes by Arbitration
>
> PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING YOUR DEPOSIT, READY CREDIT, CHECKING PLUS OR CHECKING PLUS (VARIABLE RATE) ACCOUNTS AND THE SERVICES RELATED THERETO. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. [Emphasis in original.]
> (Elly Decl. ¶ 14, Ex. 3 at 45.)

**

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**Agreement to Arbitrate Disputes** [Emphasis in original.]

Either you or we may elect, without the other's consent, to require that any dispute between us, or concerning your Citibank deposit, Ready Credit, Checking Plus, or Checking Plus (variable rate), except those disputes specifically excluded below, be resolved by binding arbitration.  (*Id.*)

**

**Disputes Covered by Arbitration** [Emphasis in original.]

Any claim or dispute relating to or arising out of your deposit, Ready Credit, Checking Plus or Checking Plus (variable rate) account, this agreement, or our relationship, will be subject to arbitration. All disputes are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning any services relating to such account, including, without limitation, safe deposit box services, wire transfer services, and use of a Citibank Banking Card or Citibank Banking Card displaying the MasterCard Brand Mark . . . . Disputes include claims based on any theory of law, contract, statute, regulation, tort (including fraud or any intentional tort), or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third party claims, interpleaders or otherwise. A party who initiates a proceeding in court may elect arbitration with respect to any dispute advanced in that proceeding by any other party . . . . Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions. Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.  (*Id.*)

FKKS:2971830v.2 28253.800

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

**

**Commencing an Arbitration** [Emphasis in original.]
The party filing an arbitration must choose one of the
following neutral arbitration forums and follow its rules
and procedures for initiating and pursuing an arbitration:
American Arbitration Association or JAMS. . . .The
arbitration shall be conducted in the same city as the U.S.
District Court closest to your home address, unless the
parties agree to a different location in writing.  (*Id.* at 46.)

**

**Costs** [Emphasis included in original.]
The party initiating the arbitration shall pay the initial
filing fee. If you file the arbitration and an award is
rendered in your favor, we will reimburse you for your
filing fee. If there is a hearing, we will pay the fees and
costs for the first day of that hearing.  All other fees and
costs will be allocated in accordance with the rules of the
arbitration forum. However, we will advance or
reimburse filing and other fees if the arbitrator rules that
you cannot afford to pay them or finds other good cause
for requiring us to do so, or if you ask us and we
determine there is good reason for doing so. Each party
shall bear the expense of their respective attorneys,
experts, and witnesses and other expenses, regardless of
who prevails, but a party may recover any or all expenses
from another party if the arbitrator, applying applicable
law, so determines.  (*Id.* at 47.)

**

**Governing Law** [Emphasis included in original.]
You and we agree that our relationship includes
transactions involving interstate commerce and that these
arbitration provisions are governed by, and enforceable
under, the Federal Arbitration Act. To the extent state
law is applicable, the laws of the state governing your
account relationship apply.  (*Id.*)

Frankfurt Kurmit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC

2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

## III.  ARGUMENT

### A.  The Court Should Compel Arbitration of Plaintiff's Claims Pursuant to the Federal Arbitration Act.

If a lawsuit is already pending on a claim that is otherwise subject to arbitration, as is the case here, an order compelling arbitration may be obtained by either petition or motion, and an order staying the pending action may be granted concurrently therewith.  9 U.S.C. §§ 1-6.  The arbitration agreement at issue here specifically says that it is governed by the Federal Arbitration Act ("FAA").  (*See* Elly Decl. ¶ 14, Ex. 1 at 58; *id.*, Ex. 3 at 46.)  The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; *see also Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) ("Congress has thus mandated the enforcement of arbitration agreements.").

The FAA embodies a strong federal policy favoring arbitration.  *Keating*, 465 U.S. at 10; *accord Armendariz v. Found. of Health Psychcare Servs.,* 24 Cal. 4th 83, 97 (2000) ("California law, like federal law, favors enforcement of valid arbitration agreements.").  The FAA prevails, under the Supremacy Clause in the United States Constitution, over conflicting state arbitration requirements regarding claims within the coverage of the FAA.  *Keating*, 465 U.S. at 12.  The FAA preempts state laws precluding or restricting arbitration of those claims or any other conflicting state arbitration requirements.  *Id.*

In ruling on a petition to compel arbitration, this Court is required to make a finding only of the arbitration agreement's existence, not an evidentiary determination of its validity.  *Sherman v. CLP Res., Inc.*, No. CV 12-8080-

1  GW(PLAx), 2015 WL 13542760, at *4 (C.D. Cal. June 22, 2015) (Wu, J.) (citing

2  *Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 218-219 (2001)

3  ("Petitioner need only allege the existence of an agreement" and "must attach a copy

4  of the agreement to the petition, or its provisions shall be set forth in the petition").

5        Here, Plaintiff and Citibank unequivocally agreed to submit any and all

6  claims or disputes relating to or arising out of Plaintiff's two checking accounts,

7  whether based on contract, tort or otherwise, to binding arbitration in accordance

8  with the FAA.  (*See* Elly Decl. ¶¶ 8, 13.)  A review of the Complaint shows that

9  Plaintiff's claims on their face relate to and arise out of his two checking accounts

10  with Citibank.  Accordingly, the Court should compel arbitration of the Complaint.

11  9 U.S.C. § 4 (where there is a written agreement to arbitrate and a party refuses a

12  request to arbitrate, the Court may compel arbitration on petition of the other party).

13        Plaintiff cannot feign ignorance of the fact that he agreed to resolve any and

14  all disputes with Citibank pursuant to FAA arbitration because in his own

15  complaint, he admits that he has been a Citibank customer for 23 years, and that

16  when he "opened his checking account with Defendant CITIBANK, he entered into

17  a written agreement" with them.  (*See* Compl. ¶¶ 12-13.)  Further, this action

18  involves two separate checking accounts: the 2010 Account and the 2020 Account.

19  In *both* instances, Plaintiff was provided with an Agreement clearly designating

20  binding arbitration under the FAA.  (*See* Elly Decl. ¶¶ 9, 14, Ex. 1 at 58; *id.*, Ex. 3 at

21  46.)  The 2019 Agreement binds Plaintiff to arbitration on *both* the 2020 Account

22  and "any claims, dispute or controversy between [Plaintiff] and [Defendant] arising

23  out of or related to [Plaintiff's] account(s), a previous related account or our

24  relationship." (*See* Elly Decl. ¶ 9, Ex. 1 at 58.)  The 2019 Agreement lays out the

25  rules and processes for rejecting the arbitration provision; nowhere in his complaint

26  does Plaintiff contend that he ever attempted to reject these provisions through that,

27  or any other, process.  (*See* Elly Decl. ¶¶ 9-10, Ex. 1 at 61.)  Further, the November

28

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

13

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

2010 Agreement binds Plaintiff to arbitration on the 2010 Account.  (*See* Elly Decl. ¶ 14, Ex. 3 at 45-48.)  Thus, Plaintiff bound himself to arbitration under two separate Agreements.

Furthermore, each time Plaintiff opened an account, he was required to sign a Signature Card confirming his understanding of the Agreements' provisions.  In 2010, he signed a Signature Card that acknowledged that he agreed "to be bound by any agreement governing any account opened in the title indicated on this card." (*See* Elly Decl. ¶ 13, Ex. 3 at 49.)  Again, in 2020, he signed a Signature Card that acknowledged that he "received and agree to be bound by all Citibank, N.A. terms and conditions, applicable to [his] account(s), including the Client Manual Consumer Accounts," and *specifically* that he understood and acknowledged that such Agreements "provide that any dispute between us will be resolved by binding arbitration."  (*See* Elly Decl. ¶ 8, Ex. 2.)  There is no question that Plaintiff agreed to FAA arbitration.

The California Supreme Court has held that when the parties agree that proceedings will be governed by the FAA, that agreement is binding.  *Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 394 (2005).  Federal courts agree.  *See Williams v. Eaze Solutions, Inc.*, __ F. Supp. 3d __, 2019 WL 5312956, at *2 (N.D. Cal. Oct. 21, 2019) ("It is the specific provision [of the agreement] designating the FAA that governs arbitration."); *SST Millennium LLC v. Mission St. Dev.*, No. 18-cv-06681-YGR, 2019 WL 2342277, at *3 & n.4 (N.D. Cal. June 3, 2019) (compelling arbitration where agreement stated that the FAA "will govern the interpretation and enforcement of the arbitration provisions").  The California Court of Appeal applied this same rule to a similar arbitration provision in *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1112 (2006).  The Court of Appeal reversed denial of arbitration because there were other claims not subject to the arbitration agreement.  The same result is required here.  Every one of Plaintiff's

FKKS:2971830v.2 28253.800

14

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

1  claims for relief are governed by arbitration under the FAA, so there is no reason not

2  to compel arbitration.

3  **B.      The 2019 Agreement Binds Plaintiff to Arbitration With All**

4  **Parties to This Dispute, Including Early Warning Systems.**

5  Citibank requests that this Court enter an order directing arbitration between

6  all parties in this dispute, as the 2019 Agreement binds Plaintiff to arbitration with

7  both Citibank and EWS.  Plaintiff acknowledges in his complaint that EWS served

8  as Citibank's agent.  (*See* Compl. ¶ 38.)  The 2019 Agreement broadly provides that

9  disputes made by or against anyone "connected with" Citibank, including agents,

10  must be resolved through arbitration.  (Elly Decl., Ex. 1 at 58.)  Courts have

11  previously found that agents of Citibank, like EWS here, can compel arbitration.

12  *See Lomeli v. Midland Funding, LLC*, No. 19-CV-01141-LHK, 2019 WL 4695279,

13  at * 10 (N.D. Cal. Sept. 26, 2019) (concluding that "Midland Funding, as Citibank's

14  assignee, now possesses all Citibank's rights under the Card Agreement, including

15  the right to compel arbitration").  Therefore, the arbitration provision to which

16  Plaintiff bound himself applies to both Citibank and EWS.

17  **C.      The Court Should Stay This Action Pending the Arbitration.**

18  Citibank also requests that the Court stay this action pending the completion

19  of the arbitration pursuant to the FAA.  In this regard, 9 U.S.C. § 3 provides:

20  > If any suit or proceeding be brought in any of the courts
   > of the United States upon any issue referable to

21  > arbitration under an agreement in writing for such

22  > arbitration, the court in which such suit is pending, upon
   > being satisfied that the issue involved in such suit or

23  > proceeding is referable to arbitration under such an
   > agreement, shall on application of one of the parties stay

24  > the trial of the action until such arbitration has been had

25  > in accordance with the terms of the agreement, providing
   > the applicant for the stay is not in default in proceeding

26  > with such arbitration.

27

28

FKKS:2971830v.2 28253.800

15

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1 | *Accord* Cal. Civ. Proc. Code § 1281.4 (where arbitration has been ordered, court,

2 | upon motion, shall stay action pending arbitration).

3 |

4 | **IV.**   **CONCLUSION**

5 | By this Motion, Citibank demands that Plaintiff voluntarily agree to submit

6 | his claims to arbitration.  In the absence of such voluntary agreement, Citibank

7 | seeks to have this Court issue its order directing arbitration pursuant to the

8 | arbitration agreement between the parties, and staying this action pending a

9 | resolution of the arbitration proceeding, retaining jurisdiction to confirm any award

10 | obtained in the arbitration.

11 |

12 | DATED:  June 6, 2021          Respectfully submitted,

13 |                              FRANKFURT KURNIT KLEIN + SELZ PC

14 |

15 |

16 |                          By:   */s/ Tricia L. Legittino*

17 |                              Tricia L. Legittino

18 |                              Attorney for CITIBANK, N.A.

19 |                              improperly sued herein as Citigroup Inc.

20 |

*Frankfurt Kurnit Klein + Selz PC*
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P. (310) 579-9600

FKKS:2971830v.2 28253.800

16

DEFENDANT CITIBANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES